UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YVETTE BERGERON                          CASE NO.

VERSUS

COMMERCE TITLE & ABSTRACT COMPANY

**COMPLAINT**

**NOW INTO COURT,** through her undersigned counsel, comes the Plaintiff, Yvette Bergeron, respectfully submits her Complaint as follows:

**INTRODUCTION**

1. Defendant, Commerce Title & Abstract Company (hereinafter referred to as "Defendant" or "Commerce Title") is a domestic corporation, organized and existing under the laws of Louisiana with its domicile located in Baton Rouge, Louisiana;

2. This is action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.,* and the "Louisiana Employment Discrimination Law, Louisiana Revised Statutes § 23:301 *et. seq.*

**JURISDICTION AND VENUE:**

3. The jurisdiction of this court is invoked pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(c), 29 U.S.C. § 217, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Further, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Louisiana because a "substantial part of the events or omissions giving rise" to the claims asserted herein occurred in the Middle District of Louisiana, within the meaning of 28 U.S.C. § 1391(b)(2), and because Defendant "may be found" in the Middle District of Louisiana within the meaning of 28 U.S.C. § 1391(b)(3).

5. On or about January 22, 2024, Plaintiff, filed a timely charge of age discrimination with the U.S. Equal Employment Opportunity Commission ( EEOC ), as required by 29 U.S.C. § 626(d)(1). Those charges have not been resolved by informal means. On or about May 24, 2024, Plaintiff received a "Notice of Right to Sue" from the EEOC. Thus, this complaint is being timely filed within ninety (90) days of receipt of that notice.

**PARTIES**

6. Plaintiff, Yvette Bergeron, is a female individual who is 56 years of age. She was hired as an employee with Commerce Title on November 1, 2020, and continued her employment until her employment was terminated, without substantive reason or justification, on April 12, 2023.

7. At all times relevant herein, plaintiff was an "employee" of Commerce Title within the meaning of Section 11(f) of the ADEA, 29 U.S.C. § 630(f), and Louisiana's employment discrimination laws.

8. Defendant operates approximately three "Commerce Title" locations within the State of Louisiana. All of which are located within the jurisdiction of the Middle District of Louisiana.

9. Defendant is in the business of managing and processing real estate closings.

10. Defendant is engaged in an industry affecting commerce as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h).

11. Defendant is an "employer" within the meaning of § 11(b) of the ADEA, 29 U.S.C. § 630(b).

12. Defendant is an "employer" within the meaning of the Louisiana Employment Discrimination Laws.

## FACTS

13. Plaintiff began her employment with Defendant as a Real Estate Title Attorney, on November 1, 2020.

14. Plaintiff is a highly experienced real estate attorney. For nearly 30 years, she exclusively practiced real estate law, making her an expert in the field and highly regarded amongst her peers.

15. In 1995, Commerce Title, under prior ownership, hired plaintiff as an attorney. She dedicated thirteen years of hard work to Commerce Title and was a successful and revered team member.

16. In 2008, plaintiff resigned from Commerce Title in order to seek advanced opportunities. She opened her own title business, Title Resource LLC, in 2010 and utilized her knowledge to provide excellent service to realtors, lenders, and homebuyers for a decade.

17. In Fall 2020, Calvert Stone and Dominique "Niki" Beeson, Managing Attorneys and Owners, offered plaintiff to return to Commerce Title as a general attorney. She accepted their offer and agreed to transfer her business from Title Resource to Commerce Title on the

condition that two of her closing processors, Kathy Achord and Angela Babin, joined her at Commerce Title and that they work in the office to assist with closings. Plaintiff explained that in-person staff were needed during closings to ensure that the process is efficiently and properly conducted. Mr. Stone and Ms. Beeson agreed to this, and on November 1, 2020, plaintiff was hired.

18.     During employment negotiations, all parties were aware of the significance of shutting her title company to join Commerce Title. Due to her age and regulatory requirements, there would be no practical opportunity to reopen without insurmountable financial burden. Mr. Stone and Ms. Beeson were aware of this during her entire employment with Commerce Title.

19.     At 52 years old, plaintiff was the oldest full-time attorney at Commerce Title.

20.     Plaintiff immediately made a significant impact at Commerce Title. She maintained a daily physical presence at the office, assisted other attorneys and employees with their files and closings, and represented Commerce Title at industry events, all while driving revenues to exceed $1 million in both 2021 and 2022.

21.     Despite her contributions to the company, the work environment deteriorated, largely due to inconsistently having in-person staff to assist with closings, as Mr. Stone and Ms. Beeson agreed to as a condition of her employment. Without having the assistance of her in-person closing processors, she had to work additional hours at the office and take work home. Defendant continuously harassed plaintiff by causing her to be overly burdened, all in an effort to force plaintiff to resign.

22. For the next several months, plaintiff continued to be overburdened by the lack of in-person assistance for closings. On April 13, 2023, Mr. Stone emailed plaintiff stating, "…I think now is a good time for us to go our separate ways[.]".

23. On or around the time of plaintiff's termination, Ms. Beeson told plaintiff that she was being "unnecessarily disruptive" and that none of the *younger* attorneys required in-person assistance (emphasis added).

24. Around April 17, 2023, Ms. Thibodeaux emailed plaintiff a Severance Agreement, which she signed on April 18, 2023. However, Commerce Title failed to satisfy the requirements of the Older Workers Benefits Protections Act as it failed to provide 21 days to consider the Agreement and failed to provide the requisite 7-day revocation period.

25. Plaintiff's discharge was due to her age.

26. After plaintiff was terminated, plaintiff's position remained open and was not filled.

27. At the time of plaintiff's discharge, all other full time younger attorneys remained employed at Commerce Title.

28. Defendant engaged in a practice of age discrimination so severe, it unreasonably interfered with plaintiff's work performance and drastically altered her terms, conditions, and privileges of employment.

29 As a result of Defendant's aforementioned illegal conduct, plaintiff has suffered economic and emotional damages.

## FIRST CLAIM FOR RELIEF

*(Defendant's Violation of the Age Discrimination in Employment Act's Prohibition Against Age-Based Discrimination)*

30. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

31. By virtue of the foregoing conduct, Defendant's treatment of Plaintiff in a discriminatory manner is in violation of Plaintiff's rights under the ADEA.

32. By virtue of the foregoing conduct, Plaintiff has been the target of illegal discrimination, harassment, termination, and/or refused employment by defendant due to her age, in violation of the ADEA, and particularly 29 U.S.C. § 623(a)(1), which makes it unlawful for an employer "to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

33. Defendant's discriminatory treatment of Plaintiff, and its violation of the ADEA, were willful within the meaning of the ADEA.

34. As a proximate result of Defendant's age discrimination against plaintiff, she has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, promotional opportunities, and other employment-related benefits.

35. By virtue of the foregoing, plaintiff has suffered damages due to defendant's willful and malicious violation of the ADEA, for the loss of past and future earnings, bonuses, deferred compensation, promotional opportunities, and other employment-related benefits, along with attorney's fees, expert witness fees, court costs, and is further entitled to liquidated damages, to the extent allowed under the ADEA, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

*(Defendant's Violation of the Louisiana Employment Discrimination Law's Prohibition Against Age-Based Discrimination)*

36. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

37. By virtue of the foregoing, Defendant's treatment of Plaintiff in an illegal discriminatory manner is in violation of Plaintiffs rights under the Louisiana Employment Discrimination Law's prohibition against age-based discrimination.

38. By virtue of the foregoing conduct, Plaintiff has been the target of illegal discrimination, harassment, termination, and/or refused employment by Defendant due to her age in violation of the Louisiana Employment Discrimination Laws, and particularly Louisiana Revised Statute Title 23:312, which makes it unlawful "for an employer to engage in any of the following practices: (1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment because of the individual's age. (2) Limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's age."

39. As a proximate result of Defendant's age discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including , including the loss of past and future earnings, bonuses, deferred compensation, promotional opportunities, and other employment-related benefits.

40. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer compensatory damages including severe and lasting embarrassment, humiliation and anguish, emotional pain and suffering, and other incidental and consequential damages and expenses.

41. By virtue of the foregoing, Plaintiff has suffered damages, due to Defendant's willful and malicious violation of the Louisiana Employment Discrimination Laws, for the loss of past and future earnings, bonuses, deferred compensation, promotional opportunities, and other employment-related benefits, all compensatory damages, including but not limited to emotional pain and suffering, humiliation, mental pain and anguish, along with attorney fees, expert witness fees, court costs; and any and all damages to the extent allowed under the Louisiana Employment Discrimination Laws, in an amount to be determined at trial.

WHEREFORE, Plaintiff, Yvette Bergeron, prays that, after due proceedings be had, there be judgment in favor of Plaintiff and against Defendant, Commerce Title & Abstract Company, awarding Plaintiff the following:

(1) for a ruling that Defendant treated Plaintiff in an illegal discriminatory manner in violation of the ADEA and the Louisiana Employment Discrimination Laws, terminated Plaintiffs employment in violation of the ADEA and the Louisiana Employment Discrimination Law's prohibition against age-based discrimination; and awarding damages of lost back pay, front pay, bonuses, interest, restored benefits, all compensatory damages, emotional pain and suffering, humiliation, mental pain and anguish, attorney fees, liquidated damages, expert witness fees, court costs, interest and civil penalties to the extent allowed under the ADEA and the Louisiana Employment Discrimination Laws, in an amount to be determined at trial;

(2) Such other and further relief as this Court finds just, appropriate, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury in this action of all issues so triable.

        Respectfully Submitted:
        *s/Amanda Hilgendorf*
        Amanda Hilgendorf  No. 35492
        **MILLER & HILGENDORF**
        3960 Government Street
        Baton Rouge, LA 70806
        Telephone:    (225) 343-2205
        Facsimile:    (225) 343-2870
        Email:        amanda@mlhlaw.com